**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50250 |
| Plaintiff - Appellee, | D.C. No. 5:06-cr-00084-VAP-1 |
| v. | |
| KIRK KARL DEWITT, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted December 8, 2010
Pasadena, California

Before: B. FLETCHER, BERZON, and CALLAHAN, Circuit Judges.

Kirk Karl Dewitt raises two constitutional challenges to his 120-month

sentence on his plea to possession of child pornography. Finding neither challenge

persuasive, we affirm his sentence.

---

   [*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**1.** Dewitt first challenges the district court's consideration of investigative and police reports without allowing for cross-examination of the authors of the reports as violating his right to confrontation under Article VI of the Constitution. The court reviews challenges to the constitutionality of the Sentencing Guidelines de novo. *United States v. Ellsworth*, 456 F.3d 1146, 1149 (9th Cir. 2006). Dewitt's argument that he was denied his right to confront and cross-examine witnesses as defined by the Supreme Court in *Crawford v. Washington*, 541 U.S. 36 (2004) fails because we have held that "the law on hearsay at sentencing is still what it was before *Crawford*: hearsay is admissible at sentencing, so long as it is accompanied by some minimal indicia of reliability." *United States v. Littlesun*, 444 F.3d 1196, 1200 (9th Cir. 2006); *see also United States v. Ingham*, 486 F.3d 1068 (9th Cir. 2007). Dewitt's challenge fails because a review of the record reveals sufficient indicia of reliability for the challenged documents.

**2.** Dewitt's second constitutional challenge is that the district court erred in considering the sentencing guideline that enhanced his sentence for possessing 600 images because the guideline was promulgated by the Sentencing Commission pursuant to Congress's specific direction, and thus, the guideline violated the separation of powers doctrine. The argument is not well-taken. First, accepting that the Commission promulgated the five-level enhancement pursuant to

Congress's explicit direction, this does not violate the separation of powers doctrine because Congress has the power to fix the sentence for a federal crime and the scope of judicial discretion with respect to a sentence. *United States v. Mistretta*, 488 U.S. 361, 364 (1989). Second, following *Mistretta*, the Supreme Court has held that the Sentencing Guidelines are advisory. *United States v. Booker*, 543 U.S. 220 (2005). The Court has indicated that, when Congress mandates the promulgation of a Guideline by the Commission, the sentencing court may consider that fact in determining whether to depart from the advisory guideline, but the Guideline is not unconstitutional. *See Kimbrough v. United States*, 552 U.S. 85, 109-10 (2007); *see also Rita v. United States*, 551 U.S. 338, 350 (2007).

For the forgoing reasons, Kirk Karl Dewitt's sentence is **AFFIRMED**.